UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VANCE ROY CLARK, | ) |
| Petitioner, | ) ) ) |
| v. | ) No. 4:23-cv-01284-SRC |
| DORIS FALKENRATH, | ) ) ) |
| Respondent. | ) ) |

## Memorandum and Order

Pro se petitioner Vance Clark moves for an order appointing a special master in this action brought under 28 U.S.C. § 2254. Clark alleges that the evidentiary materials amassed in his case warrant special-master review: (1) Missouri Highway Patrol Reports; (2) the deposition of Missouri's criminal investigation expert; (3) Clark's prior counsel's testimony relating to the effectiveness of counsel; and (4) various materials relating to state-court judges who were involved in his lower court case.

In some circumstances, Federal Rule of Civil Procedure 53 allows special-master appointment in civil proceedings. But federal case law indicates this allowance does not apply in habeas corpus proceedings. *See Holiday v. Johnston*, 313 U.S. 342, 352 (1941) ("The Congress has seen fit to lodge in the judge the duty of investigation. . . . In view of the plain terms in which the Congressional policy is evidenced in the habeas corpus act, the courts may not substitute another more convenient mode of trial."); *see also Banister v. Davis*, 590 U.S. ——, 140 S. Ct. 1698, 1715 (2020) (Alito, J., dissenting) (explaining that the *Holiday* Court held "that Rule 53, which allows a court to send some issues to a 'master,' did not justify that practice in habeas cases; the federal habeas statute contemplated proceedings before judges, giving Rule 53 'no

application.'" (quoting *Holiday*, 313 U.S. at 353)). Accordingly, the Court denies Clark's [5] motion for appointment of special master.

So ordered this 7th day of November 2023.

SLR. CR
_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE

2