UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VANCE ROY CLARK, <br><br> Petitioner, <br><br> v. <br><br> SUPERINTENDENT DORIS FALKENRATH, <br><br> Respondent. | Case No. 4:23-cv-01284-SRC |

### Memorandum and Order

Having lost at every stage of every proceeding related to his conviction—trial, appeal, state habeas, and federal habeas—Clark attempts to take yet another bite at the apple. Maintaining that all the courts got it wrong, Clark moves for relief from the judgment of the federal habeas court. After he filed that motion, he filed five other motions related to the instant case and another previously dismissed case. Because Clark's motions fail to establish grounds for deviating from the course that the prior courts (including this one) have taken, the Court denies Clark's motions.

I. Background

   A. Clark's conviction, appeals, and collateral challenges

The Court recounted the history of Clark's conviction, appeals, and state collateral challenges to his conviction, as well as the procedural history of Clark's section 2254 petition, in its order denying Clark's section 2254 petition. *See* doc. 18 at 1–5.[1] In July 2024, the Court denied Clark's petition "with prejudice" and declined to issue a certificate of appealability

---

[1] The Court cites to page numbers as assigned by CM/ECF.

because Clark had failed to make a substantial showing of the denial of a constitutional right. *Id.* at 29–30.

### B. Clark's tort case

Forty days after the Court denied Clark's section 2254 petition, Clark filed a complaint and a motion for leave to proceed *in forma pauperis* in the Eastern District of Missouri. *See Clark v. Olson et al.*, Case No. 4:24-cv-01206-HEA, docs. 1, 2. Clark asserted ten claims against several defendants, including state law-enforcement officials, prosecutors, public defenders, and a state trial judge. *See id.*, doc. 1. Among other things, Clark alleged that the defendants "conspired among and between themselves to deprive Clark of his constitutional rights." *Id.*, doc. 1 at ¶ 82. Clark also moved to consolidate the tort case and the instant case. *Id.*, doc. 4.

The tort case was assigned to the Honorable Henry Edward Autrey, United States District Judge for the Eastern District of Missouri. *Id.*, doc. 8. Noting that Clark had "fil[ed] at least three previous cases that were dismissed as frivolous or malicious, or for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)," Judge Autrey held that the Prison Litigation Reform Act precluded Clark from proceeding *in forma pauperis*. *Id.*, doc. 9 at 2–3. Accordingly, Judge Autrey dismissed the tort case and denied Clark's motion to consolidate as moot. *Id.*, doc. 9 at 4–5.

### C. Clark's Motion for Relief from Judgment and subsequent motions

The same day Clark filed his complaint in the tort case, he filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60 in the instant case. Doc. 20. Clark argues that the Court should grant him relief from its final judgment dismissing Clark's section 2254 petition. Docs. 18–19. Clark appended to the motion a copy of his complaint in the tort case, doc. 20-1, and points to it as evidence of "fraud on this Court" in the instant case, doc. 20 at ¶ 7.

2

After filing his Motion for Relief from Judgment, Clark filed four more motions in the instant case: (1) a motion that the Court take judicial notice of a letter Clark sent to the state appellate court, arguing that the prosecutor relied on false testimony at his trial, doc. 21; (2) a Complaint in Independent Action to Perpetuate Testimony, doc. 22; (3) a Motion for Appointment of Counsel, doc. 23; (4) an Offer of Proof and Related Motions, doc. 26; and (5) a Second Offer of Proof of Fraud Perpetrated on this Court by Agents of the Government, with Incorporated Memorandum of Law.

**II.    Standard**

Rule 60 provides limited avenues for a party to obtain relief from a final judgment. Under Rule 60(b), a party may obtain such relief for several reasons, including: (1) "mistake, inadvertence, surprise, or excusable neglect," (2) "newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial," (3) "fraud . . . , misrepresentation, or misconduct by an opposing party," (4) a "void" judgment, or (5) satisfaction, release, or discharge of a judgment. Under Rule 60(d), a court may also "set aside a judgment for fraud on the court."

"Rule 60(b) applies to habeas proceedings to the extent it is not inconsistent with" the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). *Ward v. Norris*, 577 F.3d 925, 932 (8th Cir. 2009) (citing *Gonzalez v. Crosby*, 545 U.S. 524, 529 (2005)). AEDPA restricts second or successive habeas applications in three ways. First, the court must dismiss any claim in a second or successive application that the petitioner had "presented in a prior application." 28 U.S.C. § 2244(b)(1). Second, the court must dismiss any claim in a second or successive application that the petitioner had *not* presented, unless, among other things, the petitioner "shows that the claim relies on a new rule of constitutional law, made retroactive to

3

cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2244(b)(2).  Third, before a petitioner even *files* a second or successive application (even one containing claims allowed under section 2244(b)(2)), he must first "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).

A Rule 60(b) motion for relief from judgment amounts to "a second or successive habeas corpus application," subject to AEDPA's restrictions, if the motion "contains a claim."  *Ward*, 577 F.3d at 933.  The same rule applies to Rule 60(d) motions.  *See Superior Seafoods, Inc. v. Tyson Foods, Inc.*, 620 F.3d 873, 878 (8th Cir. 2010) ("The extraordinary relief afforded pursuant to Rule 60(d) is more difficult to obtain than relief that might be available through a timely Rule 60(b) motion, but it remains the same type of relief—relief from an otherwise final judgment."); *Thompson v. Mo. Bd. of Parole*, No. 4:92-cv-888-JAR, 2019 WL 12070293, at *2 (E.D. Mo. Nov. 7, 2019) (holding that the AEDPA restrictions on second or successive applications apply to a Rule 60(d) motion).

A Rule 60 motion "contains a claim" if it "'assert[s] [a] federal basis for relief from a state court's judgment of conviction' or attack[s] . . . the 'federal court's previous resolution of the claim on the merits.'"  *Ward*, 577 F.3d at 933 (quoting *Gonzalez*, 545 U.S. at 530, 532) (emphasis omitted).  In contrast, a Rule 60 motion presents no claim, and thus escapes AEDPA's restrictions, if it "attacks 'some defect in the integrity of the federal habeas proceedings'" or "asserts that a previous ruling which precluded a merits determination was in error."  *Id.* (first quoting *Gonzalez*, 545 U.S. at 532; and then quoting *id.* at 532 n.4).

4

**III.   Discussion**

   **A.   Clark's Motion for Relief from Judgment**

Clark claims that his Motion for Relief from Judgment challenges "the integrity" of the federal habeas proceedings. *See* doc. 20 at ¶ 1. To the extent that's true, then Clark's motion avoids AEDPA's restrictions on second or successive applications, and the Court considers Clark's arguments under Rule 60. *See Gonzalez*, 545 U.S. at 532. But most of Clark's arguments present no attack on the integrity of the federal habeas proceedings. Instead, they rehash arguments that the state courts—and this Court—have already rejected. To this extent, the Court denies Clark's motion as a second or successive application for habeas relief. *See Ward*, 577 F.3d at 933. The Court now turns to each of Clark's asserted grounds for relief.

Clark points to "numerous miscarriages of justice set forth" in his tort-case complaint as his first basis for relief from judgment. Doc. 20 at ¶ 7. But Clark's tort-case complaint attacks the federal habeas proceedings in only one place. Specifically, he asserts that the Court "improperly held" some of his section 2254 claims "to be procedurally defaulted" and that the tort-case defendants "have perpetrated a fraud on the federal district court, leading Clark to question the integrity of the Court's action" in the section 2254 case. Doc. 20-1 at ¶ 67. But aside from these conclusory arguments, Clark presents no explanation of how the Court erred in its procedural-default analysis and no theory upon which the tort-case defendants wrought a fraud on the court in the section 2254 case. Absent such an explanation, Clark cannot even state that any of the Rule 60 grounds for relief can avail him. Much less can he show it.

The rest of the complaint attacks the state's investigation, arrest, trial, and conviction of Clark on various constitutional grounds. *See* doc. 20-1. AEDPA restrains the Court from considering these grounds until Clark obtains "an order authorizing the district court to consider

5

the application" from "the appropriate court of appeals." 28 U.S.C. § 2244(b)(3)(A); *see Ward*, 577 F.3d at 933 (holding that a Rule 60(b) motion amounts to "a second or successive habeas corpus application" if it "assert[s] [a] federal basis for relief from a state court's judgment of conviction" (citation omitted)).

In the next paragraph of his Motion for Relief from Judgment, Clark re-lodges the same attacks on the state courts' fact-finding that he raised in his section 2254 petition. Doc. 20 at ¶ 8. To the extent that Clark challenges his conviction on federal-law grounds, Clark may not relitigate the claim without first obtaining "an order authorizing the district court to consider the application" from "the appropriate court of appeals." 28 U.S.C. § 2244(b)(3)(A); *see Ward*, 577 F.3d at 933 (holding that a Rule 60(b) motion amounts to "a second or successive habeas corpus application" if it "assert[s] [a] federal basis for relief from a state court's judgment of conviction" (citation omitted)). To the extent that he challenges his conviction on state-law grounds, Clark may not relitigate the claim at all. *See Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir. 1994) ("A federal court may not re-examine a state court's interpretation and application of state law." (citing *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)).

In the next paragraph, Clark points again to the tort-case complaint. Doc. 20 at ¶ 9. As explained above, the tort-case complaint does not entitle Clark to relief under Rule 60.

In the remaining paragraphs, Clark merely states the legal standards for relief under various provisions of Rule 60 and further rehashes the factual allegations that he made in the tort-case complaint and in other parts of the Motion for Relief from Judgment. *See id.* at ¶¶ 10–15. These paragraphs present no new ground for relief. Thus, Clark fails to state—let alone to demonstrate—his entitlement to Rule 60 relief anywhere in his motion or his tort-case complaint.

6

### B. Clark's other motions

#### 1. Motion to Take Judicial Notice

Clark asks the Court to take judicial notice of a letter that he sent to the clerk of the state appellate court in 2021. Doc. 21. In the letter, Clark requested that the state appellate court remand his case to the trial court for the reconsideration of the evidentiary basis for his conviction. *Id.* at 3. District courts must exercise "[c]aution . . . to avoid admitting evidence, through the use of judicial notice, in contravention of the relevancy, foundation, and hearsay rules." *Am. Prairie Constr. Co. v. Hoich*, 560 F.3d 780, 797 (8th Cir. 2009).

Here, the letter, doc. 21, is irrelevant. Like most of his other asserted grounds for relief, the letter merely takes issue with the state-court proceedings; it does not "attack[] 'some defect in the integrity of the federal habeas proceedings'" or "assert[] that a previous ruling which precluded a merits determination was in error." *Ward*, 577 F.3d at 933 (first quoting *Gonzalez*, 545 U.S. at 532; and then quoting *id.* at 532 n.4). Indeed, Clark drafted and filed the letter over two years before he even initiated his section 2254 case. *See* doc. 21. Thus, the Court denies Clark's Motion to Take Judicial Notice.

#### 2. Motion to Perpetuate Testimony

In his next motion, Clark asks the Court to authorize the deposition of "each of the twelve" tort-case defendants and a criminalist "for the purpose of perpetuating [testimony]" under Federal Rule of Civil Procedure 27. Doc. 22 at 3. Clark concedes that Judge Autrey dismissed Clark's tort-case complaint for failure to pay the filing fee. *Id.* at 1. But, Clark argues, he "expects to refile the Complaint" once he obtains sufficient funds to do so. *Id.* at 2. But before that happens, Clark continues, he must preserve the witness' testimony.

Rule 27 allows a person to obtain discovery before filing a complaint in certain circumstances. It says that the person seeking to perpetuate testimony "may file a verified petition in the district court for the district where any expected adverse party resides." Fed. R. Civ. P. 27(a)(1). If the petition satisfies the Rule 27(a) requirements, "the court must issue an order that designates or describes the persons whose depositions may be taken" if it is "satisfied that perpetuating the testimony may prevent a failure or delay of justice." Fed. R. Civ. P. 27(a)(3). Because this Court is not satisfied, it denies Clark's motion.

Clark puts forth three reasons why perpetuating the testimony would prevent a failure or delay of justice. First, he argues that the defendants must "address[] how Clark ended up in confinement" before the Court rules on the Motion for Relief from Judgment. Doc. 22 at 2. Second, Clark states that he "cannot establish jurisdiction over both" the section 2254 and the tort case "simultaneously in one action." *Id.* at 3. Third, Clark admits that "he is unable to sign a fully developed pleading at this stage" considering "Clark's obligations under Fed. R. Civ. P. 11." *Id.*

None of these reasons justify a deposition at this time. Clark states that "[t]he substance of the testimony that Clark expects to elicit from each of the deponents is set forth in his Rule 60 Motion through the Complaint therein." *Id.* at 2. As explained in Section III.A, *supra*, the facts that Clark alleges in these documents do not establish any right to relief from the Court's prior decision. Thus, perpetuating the testimony of the tort-case defendants would have no impact on the Court's disposition of the Motion for Relief from Judgment. The Court accordingly denies Clark's motion.

8

### 3.     Motion to Appoint Counsel

Clark asks the Court to appoint counsel to assist him in proceeding with the tort case. Doc. 23.  Because both the tort case and the instant case are closed, the Court denies this motion as moot.

### 4.     Offer of Proof and Related Motions

Clark filed a document titled "Offer of Proof and Related Motions."  Doc. 26.  In this document, Clark asks the Court to grant him discovery and an evidentiary hearing.  The Court denies this motion as moot because the Court has dismissed all of Clark's claims.

### 5.     Second Offer of Proof

Finally, Clark filed a document titled:  "Petitioner's Second Offer of Proof of Fraud Perpetrated on this Court by Agents of the Government, with Incorporated Memorandum of Law."  Doc. 27.  In this document, Clark summarizes a series of state-court and federal-court cases, but he fails to explain their relevance.  *See id.*  To the extent that Clark attempts to make a motion with this document, the Court denies it for failing to "state with particularity the grounds for seeking the order" sought.  Fed. R. Civ. P. 7(b)(1)(B).

## IV.    Conclusion

For the reasons stated, the Court denies Clark's [20] Motion for Relief from Judgment, [21] Motion to Take Judicial Notice, [22] Complaint in Independent Action to Perpetuate Testimony, [23] Motion for Appointment of Counsel, [26] Offer of Proof and Related Motions,

and [27] Second Offer of Proof of Fraud Perpetrated on this Court by Agents of the Government, with Incorporated Memorandum of Law.

So ordered this 22nd day of May 2025.

_____
STEPHEN R. CLARK
CHIEF UNITED STATES DISTRICT JUDGE